```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF NEW YORK

In re:                                 :
                                            Docket #1:22-mj-01638-
 UNITED STATES OF AMERICA,             : UA All Defendants

                       Plaintiff,      :

  - against -                          :

 BORKER, VITALY,                       : New York, New York
                                         February 18, 2022
                       Defendant.      :

------------------------------------ :  PRESENTMENT

                        PROCEEDINGS BEFORE
                   THE HONORABLE STEWART D. AARON,
                    UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:            UNITED STATES ATTORNEY'S OFFICE
                          BY:  MATTHEW ADAM WEINBERG, ESQ.
                          One St. Andrew's Plaza
                          New York, New York 10007

For Defendant:            DIAZ & MOSKOWITZ PLLC
                          BY:  JOHN ANTHONY DIAZ, ESQ.
                          225 Broadway, Suite 715
                          New York, New York 10007




Transcription Service:  Carole Ludwig, Transcription Services
                        155 East Fourth Street #3C
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

<u>**INDEX**</u>

<u>**E X A M I N A T I O N S**</u>

| <u>**Witness**</u> | <u>**Direct**</u> | <u>**Cross**</u> | <u>**Re-Direct**</u> | <u>**Re-Cross**</u> |
|---|---|---|---|---|
| None | | | | |

<u>**E X H I B I T S**</u>

| <u>**Exhibit Number**</u> | <u>**Description**</u> | <u>**ID**</u> | <u>**In**</u> | <u>**Voir Dire**</u> |
|---|---|---|---|---|
| None | | | | |

```
 1                          PROCEEDINGS                   3
 2              THE CLERK:  This is in the matter of US against
 3     Vitaly Borker, docket number 22-mag-1638.
 4              Counsel, please state your appearance for the
 5     record.
 6              MR. MATTHEW A. WEINBERG:  Yes.  Good afternoon.
 7     Matthew Weinberg appearing for the government.  And joining
 8     me at counsel table is Postal Inspector Daniel Gable.
 9              HONORABLE STEWART D. AARON (THE COURT):   Good
10     afternoon.
11              MR. JOHN A. DIAZ:  Good afternoon, your Honor.
12     John Diaz, along with Corey Garcia from C.J. Mentoring
13     Program, representing Mr. Vitaly Borker.
14              THE COURT:  Good afternoon.
15              May I please have the date and time of arrest?
16              MR. WEINBERG:  Yes, your Honor.  The defendant was
17     arrested this morning, February 18, 2022, at approximately
18     six-ten a.m.
19              Mr. Borker, I am Magistrate Judge Aaron.  You're
20     here because you're charged with certain crimes by a
21     Complaint.  The purpose of today's proceeding is to advise
22     you of certain rights that you have, to inform you of the
23     charges against you, to consider whether counsel should be
24     appointed for you and decide under what conditions, if any,
25     you shall be released pending trial.
```

```
 1                          PROCEEDINGS              4
 2              I'm now going to explain certain Constitutional
 3    rights that you have.  You have the right to remain silent.
 4    You are not required to make any statements.  Even if
 5    you've already made statements to the authorities, you do
 6    not need to make any further statements.  Any statements
 7    you do make can be used against you.
 8              You have the right to be released, either
 9    conditionally or unconditionally, pending trial unless I
10    find there are no conditions that would reasonably assure
11    your presence at future court appearances and the safety of
12    the community.
13              If you are not a United States citizen, you have
14    the right to request that a government attorney or a law
15    enforcement official notify a consular officer from your
16    country of origin that you've been arrested.  In some cases
17    a treaty or other agreement may require the United States
18    government to give that notice whether you request it or
19    not.
20              You have the right to be represented by an
21    attorney during all court proceedings, including this one,
22    and during all questioning by the authorities.  If you
23    cannot afford an attorney, I will appoint one today to
24    represent you.
25              Do you understand those rights as I've just
```

```
 1                           PROCEEDINGS                5

 2  explained them?

 3              MR. VITALY BORKER (THE DEFENDANT):  (No audible

 4  response.)

 5              THE COURT:  All right.  So I have before me a

 6  Financial Affidavit.  Am I correct, Mr. Borker, that you

 7  signed this document?

 8              THE DEFENDANT:  (No audible response.)

 9              THE COURT:  All right, I would ask you to please

10  raise your right hand.  Do you swear that the contents of

11  this affidavit are true and correct, so help you God?

12              THE DEFENDANT:  (No audible response.)

13              THE COURT:  All right, based upon what's set forth

14  in this document, I am approving the appointment of

15  counsel.

16              The issue of counsel I'm going to leave open for

17  revisiting by the district judge based upon your financial

18  circumstances, but for purposes of today's proceeding, I am

19  approving the appointment.

20              So the document that contains the charges against

21  you is called a Complaint.  And the Complaint has been

22  sworn out by my colleague, Magistrate Judge Cott.  And it

23  contains certain counts, mail fraud, wire fraud, aggravated

24  identity theft, in connection with the sale of eyeglass,

25  eye ware sales, the sales of eyeglasses.
```

```
 1                          PROCEEDINGS            6

 2              Let me ask counsel, have you had an opportunity to

 3    review the charges in the Complaint with your client?

 4              MR. DIAZ:  Yes, your Honor, I have had an

 5    opportunity to review the Complaint; and at this time we

 6    are prepared to waive its open reading.

 7              THE COURT:  All right.  Thank you.

 8              So, Mr. Borker, you're entitled to what's called a

 9    preliminary hearing at which the government will have the

10    burden of showing that there's probable cause to believe

11    that the crime for which you are being charged has been

12    committed and you are the person who committed it.  At the

13    hearing, you or your counsel will be entitled to cross-

14    examine any witnesses and introduce evidence; however, a

15    preliminary hearing will not be held if you're indicted by

16    a grand jury before the date of a preliminary hearing.  I

17    will set a preliminary hearing date at the conclusion of

18    these proceedings.

19              I'll next hear from the government with respect to

20    its position on bail, detention or release.

21              MR. WEINBERG:  Your Honor, the government is

22    seeking detention.

23              THE COURT:  And, counsel, what is your intentions

24    in that regard?

25              MR. DIAZ:  Your Honor, we'd be asking the Court to
```

```
 1                       PROCEEDINGS              7
 2   approve a set of conditions to allow the release of my
 3   client.
 4             THE COURT:  Okay, so here's the way we'll proceed,
 5   please.  I'll first hear from the government with respect
 6   to the grounds upon which it's seeking detention, and then
 7   obviously I'll hear from Mr. Diaz with respect to his
 8   position.  And I may, of course, have questions along the
 9   way.  But let me first hear from the government.
10             MR. WEINBERG:  Yes, your Honor.  So first, just
11   for purposes of the record and to be clear and precise
12   about the operation of the law here, the government is
13   seeking the detention hearing pursuant to 18 USC
14   3142(f)(2)(A) and (B) because there is a serious risk that
15   the defendant will feel or obstruct or attempt to obstruct
16   justice.  And then, in turn, the government is then seeking
17   detention for those reasons and also on the grounds of
18   dangerousness to the community.
19             Just stepping back and going through the history
20   here, the defendant was first charged in December 2010 in
21   connection with -- and this is obviously a prior
22   proceeding, not first charged in this case -- but first
23   charged in a prior proceeding in December 2010 in this
24   district in connection with his operation of a website
25   called decormyeyes.com, which also involved the sale of
```

1

2   eyeglasses.  In that case the defendant was charged with

3   mail fraud and wire fraud and also with making interstate

4   threats based on threatening messages sent to customers of

5   that website.  The defendant pled guilty in May 2011 and

6   was sentenced to four years in prison.

7            The defendant was released in 2015 from prison.

8   He was then arrested against in May 2017 for his operation

9   of a second website called opticsfast.com, opticsfast.com a

10  very similar website to decormyeyes.com, a very similar

11  scheme and similar alleged conduct.  In that case,

12  importantly, the defendant was operating opticsfirst.com

13  prior to going to prison for DecorMyEyes and continue to

14  operate it during his pretrial release for the first charge

15  for DecorMyEyes and continued to operate it from prison.  I

16  think, you know, others were actually operating the

17  website, but he was involved in the operation.  The

18  defendant was sentenced to two years in connection -- well,

19  in connection with this second charge, the second arrest

20  for OpticsFast, he was ultimately pled guilty and was

21  sentenced to two years in prison on those charges and also

22  was sentenced to two years in connection with a violation

23  of supervised release because he was on supervised release

24  for the first crime when he committed the second crime.

25           The defendant entered a residential reentry center

1                            PROCEEDINGS                    9

2  in June 2020 at the end of his prison term for the

3  OpticsFast charges, and the allegations in the Complaint

4  are that the defendant began the instant conduct

5  immediately upon entering the residential reentry center

6  and then ultimately, once released from that residential

7  reentry center to his home.

8          So, obviously, his history speaks to, you know,

9  the defendant's dangerousness to the community, utter

10  inability to abide by the law, but it also demonstrates his

11  unfitness for pretrial release.  Again, not to belabor this

12  point, but the OpticsFast scheme continued when he was on

13  pretrial release for DecorMyEyes, and then it also

14  continued when he was on supervised release following his

15  release from prison in 2015.  In connection with that, from

16  September 2015 through April 2017, the defendant was

17  submitting monthly reports to Probation stating that he was

18  working at a dry-cleaning business, did not disclose his

19  role in opticsfast.com and took material steps to hide his

20  role in opticsfast.com.  So, obviously, he was misleading

21  Probation during that time.

22          There is case law -- I can give citations if you'd

23  like -- but that, you know, individuals who violate

24  pretrial release and probation are poor candidates for bail

25  in future proceedings.  The Second Circuit has found as

 1
 2   much.

 3            Finally or in addition, we note that the defendant

 4   is currently on supervised release in connection with the

 5   second charge, the OpticsFast charge in 2015.  And, you

 6   know, we're here right now on new charges, but I think it

 7   is fair to assume that there will be violations brought in

 8   connection with his ongoing supervised release.  And, of

 9   course, if that were to happen in that situation, the

10   presumption would be reversed, and the presumption would be

11   in favor of detention.

12            And then, you know, just in light of all this

13   third time committing the same offense, the existence of

14   the aggravated identity theft charges with mandatory

15   minimums in the Complaint and also the potential of the USR

16   specifications, the defendant is facing significant prison

17   time and has ample reason to flee or evade prosecution.

18            And then truly finally, we note that at the time

19   of his arrest this morning, the defendant did not answer

20   the door for law enforcement, but then, in addition, when

21   law enforcement did enter the home and went to execute a

22   search warrant that it had for the premises, they found

23   computers that appeared to be hidden around the home and in

24   closets and various places.  And it's the government's

25   contention that those computers were hidden in the

```
 1                          PROCEEDINGS                  11
 2   approximately five, ten minutes that the defendant
 3   certainly heard law enforcement agents banging on his door
 4   but, you know, but did not come to the door.
 5            So for all those reasons, the continued violations
 6   of law, the failure to abide supervision and court orders
 7   and the risk of obstruction, ongoing threats to the
 8   community, the government is seeking detention.
 9            THE COURT:  Okay, Mr. Diaz?
10            MR. DIAZ:  Thank you, your Honor.
11            Your Honor, we submit to the Court that a set of
12   conditions can be met here to ensure Mr. Borker's return to
13   court and ensure the safety of the community.  Your Honor,
14   we are proposing 24-hour home detention, enforced by ankle
15   monitoring.  My client is prepared to put his home up as
16   collateral, which he informs me has a Fair Market Value and
17   equity of approximately 4.8 million -- sir?
18            Two point two million, your Honor.  I apologize.
19            THE COURT:  Which is the reason someone's going to
20   be revisiting the issue of appointment of counsel, I guess.
21   Go ahead.
22            MR. DIAZ:  I understand, your Honor.
23            In addition, my client's mother is also willing to
24   put up her property, which according to my client has a
25   Fair Market Value of approximately 525,000.  And I believe
```

1
2  that we will also be able to obtain two financially
3  responsible persons to serve as surety.
4          And the reason, your Honor, that I think that that
5  would be appropriate in this case is that, although the
6  government has made reference to Mr. Borker's prior cases,
7  what's noteworthy about that, Judge, is that he was granted
8  bail on those cases.  He was out on bail during the
9  pendency of those cases.  From my understanding from
10 Mr. Borker is he abided by his conditions.  Additionally,
11 your Honor, this is a crime that is not a crime of
12 violence.  Mr. Borker is the primary caretaker for his
13 elderly mother, who's approximately 87 years old.  He's
14 also highly involved in the life of his four-year-old son.
15 Mr. Borker has no passport.  He is a citizen of this
16 country, has no incentive to flee, your Honor, been a
17 lifelong resident of Brooklyn, with significant community
18 ties.
19         I am also asking the Court to consider the fact
20 that, you know, currently what's going on in the jails,
21 your Honor, with COVID and it's very difficult to work with
22 a client, and particularly in a case of this nature, which
23 appears to be a high-volume discovery case, it's been my
24 experience, your Honor, that my clients have not been able
25 to review discovery at the MDC, they've been suffering

```
 1                        PROCEEDINGS              13
 2   from, you know, pretty extreme conditions there that would
 3   prevent Mr. Borker from assisting effectively in his
 4   defense, your Honor.
 5            And I think that, based on these circumstances,
 6   the bail package that's being proposed and the nature of
 7   the crime, that I think that bail would be appropriate in
 8   this case.
 9            THE COURT:  All right.  Thank you.
10            I'll give the government a brief opportunity to
11   respond.  I'm not soliciting a response, but I want to give
12   you an opportunity.
13            MR. WEINBERG:  Yes, your Honor.  I would just
14   clarify one point.  The government's understanding is that,
15   while it is correct that the defendant was initially bailed
16   at the time of his second arrest in connection with the
17   OpticsFast scheme, the government's understanding is that
18   shortly thereafter, violation specifications were filed,
19   and at that time he was detained, is my understanding.
20            Again, you know, today right now we're here on the
21   new charges; but, you know, I think it's reasonable to
22   assume that there will be violations filed.  And, you know,
23   obviously, the conduct here is incredible, flagrant
24   violation of his supervised release, and the government
25   believes detention is appropriate.
```

```
 1                        PROCEEDINGS              14
 2              THE COURT:  All right.  I'll take a brief recess
 3    in the back.  I'd ask the Pretrial Services officer to join
 4    me.  And I'll be out shortly.
 5              (Brief recess taken.)
 6              THE COURT:  Mr. Borker, I am required under the
 7    law to release you either with or without conditions
 8    imposed unless I determine there are no conditions that
 9    will reasonably assure your presence in court as required
10    under the law and the safety of the community.  In making a
11    bail determination, I'm required to consider the follow
12    factors:  the nature and circumstance of the offense
13    charged, the weight of the evidence against you, your
14    history and characteristics, and the nature and seriousness
15    of the danger to any person or the community that would be
16    posed by your release.
17              The government bears the burden of establishing by
18    clear and convincing evidence that you are a danger to the
19    community or by a preponderance of the evidence that you
20    are a flight risk.
21              I've considered the Pretrial Services Report,
22    which recommends detention, as well as the arguments of
23    counsel; and I find that the government has met its burden
24    of establishing that there are no conditions that I can
25    impose that will reasonably assure your appearance and the
```

```
 1                          PROCEEDINGS              15
 2  safety of the community.  I've considered the nature and
 3  circumstances of the offense charged, engaging in
 4  fraudulent conduct, the evidence is strong, and your
 5  criminal history.  And the fact that you continued to
 6  engage in this conduct while under supervised release is a
 7  significant factor in my decision.  And there's a danger to
 8  the community that this fraudulent conduct is going to
 9  continue.  So I've considered all reasonable less-
10  restrictive alternatives to detention, but I've rejected
11  them.  Obviously, counsel has the opportunity to appeal my
12  order, should he so choose.
13            What would you like me to do with respect to the
14  preliminary hearing date?
15            MR. DIAZ:  Your Honor, we're prepared to waive to
16  the 30th day.
17            THE COURT:  Okay.  So, Catherine, what's the 30th
18  day?
19            THE CLERK:  March 18th.
20            THE COURT:  So March 18th for the preliminary
21  hearing date.
22            Is there anything else from either side?
23            MR. WEINBERG:  Nothing from the government, your
24  Honor.
25            MR. DIAZ:  No, your Honor.  Thank you.
```

```
 1                         PROCEEDINGS                 16

 2             THE COURT:  All right.  Thank you.

 3             This matter is adjourned.

 4             (Whereupon, the matter is adjourned.)

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                                                         17

 2

 3                    C E R T I F I C A T E

 4

 5        I, Carole Ludwig, certify that the foregoing

 6   transcript of proceedings in the case of USA v. Borker,

 7   Docket #22-mj-01638-UA All Defendants, was prepared using

 8   digital transcription software and is a true and accurate

 9   record of the proceedings.

10

11

12

13

14   Signature_____Carole Ludwig_____

15                    Carole Ludwig

16   Date:    May 5, 2022

17

18

19

20

21

22

23

24

25
```